UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY D. CALDERWOOD<br>D/B/A CALDERWOOD GALLERY<br>242 GEIGER ROAD<br>PHILADELPHIA, PA 19115,<br><br>*Plaintiff*,<br><br>v.<br><br>CARL ERIK RINSCH<br>8657 METZ PLACE<br>LOS ANGELES, CA 90069,<br><br>*Defendant*. | Case No. 2:22-02847 |

**MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM OFFERING DOCUMENTS, INFORMATION OR WITNESSES AT TRIAL THAT WERE NOT PREVIOUSLY PRODUCED OR DISCLOSED**

NOW, comes the Defendant, Carl Erik Rinsch, by and through its undersigned counsel, and files a Motion in Limine to Preclude Offering of Documents, Information or Witnesses at Trial That Were Not Previously Produced or Disclosed by Plaintiff.

1. Plaintiff, Gary D. Calderwood D/B/A Calderwood Gallery commenced this action on June 17, 2022, asserting claims for breach of contract and promissory estoppel based on an alleged contract that was never formed.

2. Pursuant to the Court's Case Management Order dated February 10, 2023 (ECF No. 15), all factual discovery in the matter was to be completed by April 14, 2023.

3. On February 13, 2023, Defendant served Requests for Production of Documents. *See* Exhibit 1.

4. On March 14, 2023, Plaintiff requested a 30-day extension. Defendant's former counsel informed Plaintiff's counsel that Defendant could not agree to a 30-day extension because

1

Defendant intended to take Plaintiff's deposition and would need to review the document production in advance of the deposition. Defendant's counsel, however, granted Plaintiff a one-week extension until March 22, 2023 to produce his discovery responses.

5. On March 22, 2023, Plaintiff's counsel contacted Defendant's counsel to inform them that Plaintiff's production would be late.

6. On March 24, 2023, Plaintiff's counsel raised for the first time a concern regarding confidentiality, and the parties promptly executed a protective order. Nonetheless, Plaintiff again failed to produce any documents.

7. On March 25, 2023, Defendant noticed Plaintiff's deposition for April 5, 2023. However, Defendant had to cancel the deposition because Plaintiff again failed to produce any documents.

8. Plaintiff continued to delay his document production and did not produce any documents until Defendant sought the Court's intervention.

9. It was not until April 6, 2023 that Plaintiff finally produced responses to Defendant's discovery request.

10. Plaintiff's late discovery production consisted of a total of seven pages of documents. Defendant failed to identify any witnesses, other than himself and his spouse, who may have discoverable information.

11. Defendant requested that the Court order Plaintiff to certify that his discovery production was complete. On April 14, 2023, Plaintiff's counsel certified that Plaintiff's production was complete. *See* Exhibit 2.

12. During discovery, a party is required to disclose the names of witnesses that may be called at trial or information or documents that the party may use during the trial. *See* Fed. R.

Civ. P. 26(a). Failure to do so will preclude the party from using the undisclosed information or calling the undisclosed witness at trial. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness…as required by Rule 26(a)…the party is not allowed to use that information or witness to supply evidence…at a trial, unless the failure was substantially justified or is harmless.")

13. The "purpose of discovery is to avoid trial by ambush." *See State Farm Mut. Auto. Ins. Co. v. New Horizon, Inc.*, 250 F.R.D. 203 (E.D. Pa. 2008); *Ierardi v. Lorillard, Inc.*, 1991 WL 158911 (E.D. Pa. Aug. 13, 1991).

14. Pennsylvania federal courts have thus precluded parties from offering documents at trial that were not previously produced. *See Mente Chevrolet Oldsmobile, Inc. v. GMAC*, 782 F. Supp.2d 662 (E.D. Pa. 2010), *aff'd*, 451 F. App'x 214 (3d Cir. 2011) ("Given the documents' last-minute production during trial . . . the Court's exclusion of these documents was proper.").

15. Pennsylvania federal courts have likewise precluded parties from calling a witness at trial if that witness was not previously disclosed to the opposing party in accordance with the Federal Rules of Civil Procedure. *Muldrow v. Brooks*, 34 F. App'x 854, 855 (3d Cir. 2002) (district court did not abuse discretion in excluding testimony of witness not timely disclosed).

16. Here, Plaintiff failed to provide timely responses to Defendant's discovery requests and failed to disclose individuals, other than his wife, who may possess discoverable information. Plaintiff has, in all events, certified that his discovery production is complete. Defendant has relied on Plaintiff's certification in preparing his case.

17. Accordingly, to the extent that Plaintiff attempts to offer any documents, information, or witnesses at trial that were not previously disclosed, such efforts would be unfairly prejudicial to Defendant.

WHEREFORE, Defendant respectfully requests that this Honorable Court enter an Order granting Defendant's Motion in Limine to Preclude Offering of Documents, Information or Witnesses at Trial That Were Not Previously Produced or Disclosed by Plaintiffs.

                                                Respectfully submitted,

Dated: June 20, 2023                */s/ Monica Matias Quinones*
                                                Thomas V. Ayala (PA I.D. No. 93130)
                                                Monica Matias Quinones (PA I.D. No. 330684)
                                                KLEHR HARRISON HARVEY BRANZBURG LLP
                                                1835 Market Street, Suite 1400
                                                Philadelphia, PA 19103
                                                Phone: (215) 569-4596; 2498
                                                Facsimile: (215) 568-6603
                                                tayala@klehr.com
                                                mmatias@klehr.com

                                                *Attorneys for Defendant-Counterclaimant,*
                                                *Carl Erik Rinsch*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on June 20, 2023, a true and correct copy of the foregoing Motion in Limine to Preclude Offering of Documents, Information Or Witnesses at Trial That Were Not Previously Produced Or Disclosed was served on all counsel of record via the Court's ECF system.

/s/ *Monica Matias Quinones*
Monica Matias Quinones