# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY D. CALDERWOOD<br>D/B/A CALDERWOOD GALLERY<br>242 GEIGER ROAD<br>PHILADELPHIA, PA 19115,<br><br>            *Plaintiff*,<br><br>           v.<br><br>CARL ERIK RINSCH<br>8657 METZ PLACE<br>LOS ANGELES, CA 90069,<br><br>            *Defendant*. | Case No. 2:22-02847 |

**DEFENDANT CARL ERIK RINSCH'S**
**FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Carl Erik Rinsch ("Mr. Rinsch"), by and through his counsel, hereby requests that Plaintiff Gary D. Calderwood ("Plaintiff") produce the below-identified documents in Plaintiff's possession, custody, or control. Such service should be made to Eric Kraeutler, Esq., attorney for Mr. Rinsch, at the offices of Morgan, Lewis & Bockius LLP, 1701 Market Street, Philadelphia, Pennsylvania 19103. In responding to these Requests for Production, the following instructions and definitions shall apply:

**DEFINITIONS**

A.      "Document" or "Documents" are used herein in their broadest sense, and means all tangible items, and all writings, drawings, graphs, charts, photographs, sounds recordings, images and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.  This definition includes originals, copies, or any non-identical copy or draft version, and

includes native file formats without alteration or deletion of any associated information, *e.g.*, metadata, regardless of origin or location.

  B. "Person" and "persons" as used herein means and includes, without limiting the generality of its meaning, any natural or individual person, corporation, firm, partnership, association, governmental body, agency or subdivision, committee, commission, or other organization or entity.

  C. References to any person, entity or party herein includes his, her, or its agents, attorneys, employees, officers, directors, or others acting on behalf of said person, entity, or party.

  D. "Communication" shall mean any manner or means of disclosure, transfer, or exchange, and any disclosure, transfer or exchange of information whether oral or written, or whether face-to-face, by telephone, mail, e-mail, direct computer transfer, or personal delivery.

  E. "Concerning," "relate to," "refer to," and "pertaining to" are intended to encompass any and all information and documents relating to, referring to, alluding to, responding to, relating to, connected with, commenting on, in respect of, about, regarding, discussing, summarizing, showing, describing, reflecting, analyzing, constituting, or in any way relevant to the underlying facts of the specified subject of the particular Request.

  F. "Complaint" and "this Action" shall mean the Complaint filed by the Plaintiff against Mr. Rinsch in the above-entitled and numbered case.

  G. "Plaintiff" shall mean Gary D. Calderwood, his attorneys, agents, representatives and all other persons acting or purporting to act on behalf of Gary D. Calderwood.

  H. "You" and "your" shall refer to Gary D. Calderwood, individually and doing business as "Calderwood Gallery," unless otherwise noted.

  I. "Defendant" shall refer to Carl Erik Rinsch, unless otherwise noted.

## **INSTRUCTIONS**

A.     Each Request is to be answered separately and specifically, and documents responsive to each request for production shall be identified and produced by reference to the request number to which such documents are responsive. No answer is to be left blank. If the answer to a Request or subparagraph of a Request is "none" or "unknown," such statement must be written in the answer. If the answer to the entire question is not known, so state and answer the part known. If an exact date is not known, state the closest approximate date.

B.     In responding to these Requests, produce all documents that are available to you, including documents in the possession of your attorneys, investigators or experts, and not merely documents in your own personal possession. If you or any of your agents, including your attorney, are aware of the existence of any document within the scope of these Requests that is not within the custody, possession or control of you or your agents, please identify any such document in a written response and provide information about who has possession, custody or control over the document.

C.     When a document request calls for documents or facts that relate to a claim or contention, produce documents that are inconsistent with as well as those that support such claim or contention.

D.     If you object to any part of any Request, you must answer all parts of that Request to which you do not object, and state the specific bases for your objection to any part to which you do object, describe generally the document that is withheld and set forth the facts upon which you rely as the basis for each such objection.

E.     In the event that you claim that a Request is overly broad or unduly burdensome, you should respond to that portion of the Request which is unobjectionable and specifically identify the manner in which the Request is allegedly overly broad or burdensome.

F.     If you claim that an answer, in whole or in part, to any Request or part thereof is privileged or otherwise protected from discovery, you must identify such information by subject matter and state with particularity the nature and basis of its claim of privilege or other reason that the information is protected from discovery.

G.     In following these instructions, the singular includes the plural, and vice versa; the masculine includes the feminine and neuter genders, and vice versa; the past tense includes the present tense where the clear meaning is not distorted by a change of tense.

H.     The conjunctions "and" and "or" shall not be interpreted conjunctively and shall not be interpreted disjunctively to exclude any information otherwise within the scope of a request.

I.     These Requests are deemed continuing in nature and call for prompt supplemental production whenever you receive or discover additional information covered by these Requests. You are hereby notified of and referred to your ongoing duty to promptly supplement your responses to these Requests should you obtain information upon the basis of which you know a prior response was incorrect or incomplete when made, or that a response, though correct and complete when made, is no longer true and complete.

**REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:** Produce all Documents upon which You rely to allege a contractual agreement between You and Mr. Rinsch.

**REQUEST NO. 2:** Produce all Documents and Communications that refer or relate to Your contractual obligations and responsibilities under any contractual agreement between You and Mr. Rinsch.

**REQUEST NO. 3:** Produce all Documents that refer or relate to, or otherwise evidence, Communications between Plaintiff and Mr. Rinsch, or between Plaintiff and any other person or entity related to the furniture items under discussion.

**REQUEST NO. 4:** Produce all Documents and Communications that refer or relate to Your acquisition of the furniture items under discussion, including but not limited to amounts paid for the furniture, the condition of the furniture upon Your receipt, the identity of the seller(s) of the furniture, and the terms of sale.

**REQUEST NO. 5:** Produce all Documents and Communications that refer or relate to the damages You claim to have suffered and seek in this Action.

**REQUEST NO. 6:** Produce all Documents and Communications which support Your allegation in paragraph 66 of the Complaint that "Plaintiff relied on … promises by Defendant to his detriment by foregoing the sale of Jacques Adnet works to other customers when he removed these items from his website and considered them sold to Defendant."

**REQUEST NO. 7:** Produce all Documents and Communications which support Your allegation in paragraph 67 of the Complaint that "Plaintiff has also incurred significant storage expenses in connection with the anticipated sale of the Jacques Adnet items."

**REQUEST NO. 8:** Produce all Documents and Communications that refer or relate to shipping arrangements, including alleged shipping costs, to transport the furniture items under discussion to Mr. Rinsch.

**REQUEST NO. 9:** Produce all Documents and Communications that refer or relate to the reliance damages You claim to have suffered and seek in this Action, including but not limited to any shipping or storage costs relating to the furniture items under discussion.

**REQUEST NO. 10:** Produce all Documents and Communications that refer or relate to Your efforts to mitigate the damages You claim to have suffered and seek in this Action.

**REQUEST NO. 11:** Produce all Documents that refer or relate to, or otherwise evidence, Communications between You and Mr. Rinsch concerning the allegations in your Complaint.

**REQUEST NO. 12:** Produce all Documents and Communications that refer or relate to, or otherwise evidence, any conversation or communication between You and any person regarding this Action, Your claims or beliefs that Mr. Rinsch acted unlawfully or illegally, or any of the factual bases of Your case against Mr. Rinsch, as well as all documents that You intend to identify and/or introduce in the trial of the above-captioned matter.

**REQUEST NO. 13:** Produce all Documents and Communications that refer or relate to any expert retained or consulted by you in connection with this litigation.

| | |
|---|---|
| Dated: February 13, 2023 | Respectfully Submitted,<br><br>*/s/ Eric Kraeutler*<br>Eric Kraeutler<br>Julian C. Williams<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>1701 Market Street<br>Philadelphia, PA 19103-2921<br>Telephone:   +1.215.963.5000<br>Facsimile:    +1.215.963.5001<br>eric.kraeutler@morganlewis.com<br>julian.williams@morganlewis.com<br><br>*Counsel for Defendant Carl Erik Rinsch* |

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing document has been served upon all counsel of record via email this 13th day of February, 2023.

                                                   */s/ Julian Williams*
                                                   Julian Williams