UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY D. CALDERWOOD<br>D/B/A CALDERWOOD GALLERY<br>242 GEIGER ROAD<br>PHILADELPHIA, PA 19115,<br><br>   *Plaintiff*,<br><br>   v.<br><br>CARL ERIK RINSCH<br>8657 METZ PLACE<br>LOS ANGELES, CA 90069,<br><br>   *Defendant*. | Case No. 2:22-02847 |

**MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM OFFERING NEW AND UNTIMELY DISCLOSED EVIDENCE AND INCORPORATED MEMORANDUM OF LAW**

  Defendant, Carl Erik Rinsch, by and through its undersigned counsel, and moves in limine to preclude Mr. Rinsch from offering any documents, testimony or other evidence concerning. putative user agreement of non-party 1stDibs.com, Inc. and a newly referenced and untimely disclosed spreadsheet purporting to calculate Plaintiff's alleging damages. In support of this Motion, Mr. Rinsch states as follows.

  I.  **PERTINENT BACKGROUND**

  1.  Plaintiff, Gary D. Calderwood d/b/a Calderwood Gallery, commenced this action on June 17, 2022, asserting claims for breach of contract and promissory estoppel based on an alleged contract that was never formed. The gravamen of the complaint seeks equitable relief, namely specific performance of the alleged contract and, in the alternative, promissory estoppel. The only basis alleged in the complaint in support of Plaintiffs' claims are allegations regarding informal emails, text messages and verbal communications between the parties, as well as exhibits

1

to the complaint reflecting those casual communications. The Complaint includes no allegations concerning any user agreement of non-party 1stDibs.com, Inc.

2. Under the Court's Case Management Order dated February 10, 2023 (doc. no. 15), all factual discovery in the matter was to be completed by April 14, 2023.

3. On February 13, 2023, Mr. Rinsch served document requests to Mr. Calderwood. *See* Exhibit 1.

4. Request Number 1 asked Mr. Calderwood to "Produce all Documents upon which You rely to allege a contractual agreement between You and Mr. Rinsch."

5. Request Number 5 asked Mr. Calderwood to Produce all Documents and Communications that refer or relate to the damages You claim to have suffered and seek in this Action."

6. On April 6, 2023, Mr. Calderwood responded to the document requests late, and with a document production that consisted of seven pages of documents. Mr. Calderwood's document production is attached as Exhibit 2.

7. Mr. Calderwood's document production does not refer to or include any user agreement of non-party 1stDibs.com, Inc., much less one to which Mr. Rinsch agreed to be a party.

8. Mr. Calderwood's document production also does not include any computation of any alleged damages or any documents on which such a computation would be based. Nor did Mr. Calderwood disclose any such computation in his mandatory Rule 26(a)(1) disclosures "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based. . . ." Fed. R. Civ. P. 26(a)(1)(A)(iii). His disclosures are attached as Exhibit 3. Mr. Calderwood's failure to

disclose this information was consistent with the gravamen of his Complaint, which sought specific performance of an alleged contract, that is, he asked the Court to declare the existence of a contract, identify its terms and order Mr. Rinsch to buy goods from Mr. Calderwood. *See* Compl. ¶¶ 36, 56.

9. Defendant requested that the Court order Plaintiff to certify that his discovery production was complete.

10. On April 14, 2023, Mr. Calderwood certified under penalty of perjury as follows: "I have produced all documents in my possession responsive to Defendant Carl Erik Rinsch's First Request for the Production of Documents. I certify that Plaintiff's document production is complete to the best of my knowledge, information, and belief." *See* Exhibit 4.

11. On June 20, 2023, Defendant filed a motion in limine to preclude Mr. Calderwood from offering documents, information or witnesses at trial that were not previously disclosed. (Doc. No. 27).

12. Under the Court's scheduling order (doc. no. 15), Mr. Calderwood's response to Mr. Rinsch's motion in limine was due to be filed on July 6, 2023.

13. Mr. Calderwood did not respond to the motion in limine by the deadline. Yesterday, the undersigned informed Calderwood's counsel that Mr. Rinsch would be moving to exclude the putative user agreement of non-party 1stDibs.com, and Calderwood rushed to oppose the motion last night, ten days after the deadline. Calderwood offered no valid reason why the motion in limine should not be granted.

14. In short, Mr. Calderwood failed to (a) include any factual allegations concerning a putative user agreement of non-party 1stDibs.com, Inc.; (b) include that document before the close

3

of discovery in his document production, which he certified was complete; or (c) timely oppose Defendant's motion in limine.

15. On July 14, 2023, without leave of Court, Mr. Calderwood filed an untimely amended pretrial memorandum. The Court required all pretrial memoranda to be filed on July 6, 2023. *See* Order (doc. no. 15). In Mr. Calderwood's amended pretrial memorandum, he disclosed for the first time a putative user agreement of non-party 1stDibs.com, Inc. and indicated his intention to rely on it at trial as the basis for an alleged contract between Mr. Calderwood and Mr. Rinsch. The putative agreement is attached as Exhibit 5.

16. In other words, on the eve of trial, Mr. Calderwood seeks change his entire theory of liability for why he believes a contract was formed. He also stated for the first time that he intends to offer at trial a never disclosed calculation of his alleged damages (Doc. No. 36 at p. 9), despite the fact that, during the entirety of the litigation, he has sought specific performance as his predominant relief (*see* Compl. ¶¶ 36, 56).

II.   **ARGUMENT**

17. Both categories of Mr. Calderwood's eleventh-hour proposed evidence, the putative non-party user agreement and the still undisclosed damages computation, as well as any other documents, testimony or information not included in Mr. Calderwoods discovery production made before the close of fact discovery, must be excluded.

18. ***First***, the "purpose of discovery is to avoid trial by ambush." *See State Farm Mut. Auto. Ins. Co. v. New Horizon, Inc.*, 250 F.R.D. 203 (E.D. Pa. 2008); *Ierardi v. Lorillard, Inc.*, 1991 WL 158911 (E.D. Pa. Aug. 13, 1991). Pennsylvania federal courts have thus precluded parties from offering documents at trial that were not previously produced. *See Mente Chevrolet Oldsmobile, Inc. v. GMAC*, 782 F. Supp.2d 662 (E.D. Pa. 2010), *aff'd*, 451 F. App'x 214 (3d Cir.

2011) ("Given the documents' last-minute production during trial . . . the Court's exclusion of these documents was proper."). Pennsylvania federal courts have likewise precluded parties from calling a witness at trial if that witness was not previously disclosed to the opposing party in accordance with the Federal Rules of Civil Procedure. *Muldrow v. Brooks*, 34 F. App'x 854, 855 (3d Cir. 2002) (district court did not abuse discretion in excluding testimony of witness not timely disclosed).

19. Here, Plaintiff failed to provide timely responses to Defendant's discovery requests, and Plaintiff already certified that his discovery production was complete. Defendant relied on Plaintiff's certification in preparing his case. Plaintiff now belatedly seeks to offer new documents and information concerning the most fundamental basis of Plaintiff's alleged claims, which should have been included in the Complaint and produced at the outset of the litigation. Plaintiff violated Rule 26, the Court's scheduling order, and Plaintiffs' own discovery certification. His proposed new evidence must be excluded.

20. ***Second***, Defendant timely moved in limine precluded evidence not produced before the close of discovery. Plaintiff did not timely oppose the motion. The proposed new evidence Plaintiff now seeks to introduce falls squarely within the scope of the motion in limine. Local Rule 7.1 provides that in the "absence of timely response, [a] motion may be granted as uncontested except as provided under Fed. R. Civ. P 56," which is not at issue. *J & J Sports Prods., Inc. v. Cruz*, No. CIV.A. 14-2496, 2015 WL 2376290, at *3 (E.D. Pa. May 18, 2015) (citing Local R. Civ. P. 7.1(c)).

21. ***Finally***, Plaintiff's proposed new evidence is irrelevant and otherwise inadmissible under Federal Rule of Evidence 403. The putative user agreement of non-party 1stDibs.com, Inc. is unenforceable "browsewrap" to which Mr. Rinsch never assented:

> There are two basic types of internet agreements: "clickwrap" and "browsewrap." Clickwrap agreements require a user to assent to a website's terms and conditions by clicking a box or button. Browsewrap agreements purport to bind users to its terms and conditions through the continued use of the website itself. The website often posts terms and conditions via a hyperlink at the bottom of the webpage. The enforceability of browsewrap agreements "often turn[s] on whether the terms or a hyperlink to the terms are reasonably conspicuous on the webpage." "When terms are linked in obscure sections of a webpage that users are unlikely to see, courts have refused to find constructive notice." In effect, when the structure of the website suggests that a user has not seen the Terms and Conditions, then a court will not assume that a user's failure to act in response to those terms and conditions is intentional.

*Childs v. Fitness Int'l LLC*, No. 2:22-CV-05196-JDW, 2023 WL 3594180, at *2–3 (E.D. Pa. May 22, 2023) (internal citations omitted).

22.     The putative user agreement of non-party 1stDibs.com, Inc. is inadmissible browsewrap. Mr. Rinsch is not named in the user agreement and there is no evidence that he had any knowledge of the user agreement or assented to any of its terms. The sole basis identified by Calderwood for asserting that Mr. Rinsch should be deemed to have agreed to the terms of the user agreement (even though he did not) is an exhibit showing that Mr. Rinsch sent a single message to Calderwood in reference to a single pair of chairs, four months before the date Calderwood alleges they formed an agreement to buy numerous *other* products on January 31, 2022. *See* Exhibit 6 (Calderwood001). Notably, Exhibit 6 does not reference any user agreement at all, much less reflect any consent by Mr. Rinsch to any agreement. Although the face of Exhibit 6 references a "Terms of Service Reminder," – to Mr. Calderwood – it does not reference any user agreement or indicate in any way that Mr. Rinsch knew about or assented to any user agreement.

23.     Critically, the face of Calderwood001, Ex. 6, states "all transactions must be completed on 1stDibs," but there is no evidence that the parties completed any transaction on 1stDibs.com. According to the user agreement offered by Calderwood, the user agreement applies only when the there has been a sale of an item on 1stDibs.com:

> The Site [1stDibs.com] provides an online marketplace for appropriately qualified sellers ("Seller") to offer to sell goods ("Items") to prospective purchasers. ***In the event of a sale of any Item***, the sale is made directly between the Buyer and the Seller, and is governed by this User Agreement and the Conditions of Sale.

*See* Exhibit 5, Section 1.

> *If* a sale occurs,
>
>> ***a confirmation of sale ("Order Confirmation") is posted*** to the "offer status section" page of the Buyer's 1stdibs account, once: (i) the Seller has accepted and confirmed the Buyer's Offer; or (ii) the Buyer has acknowledged, accepted and confirmed the Seller's Counter-Offer. At this point, a binding contract between the Seller and the Buyer with respect to the sale and purchase of the Item is created and enforceable.

*See* Exhibit 5, § 8(d). Mr. Calderwood has not produced any Order Confirmation to show that he made any sale to Mr. Rinsch. There is no Order Confirmation because there was no sale.

24. There unequivocally was no contract formed between the parties – whether on 1stDibs.com or otherwise, much less one that could satisfy Pennsylvania's statute of frauds.

25. Finally, the gravamen of Plaintiffs' complaint from the inception of this litigation has been a request by Plaintiff for specific performance. *See* Compl. ¶¶ 36, 56. Federal Rule of Evidence 26(a)(1)(A)(iii) required Plaintiff to disclose any computation of alleged damages and the basis therefor. Defendant's discovery requests called for the same. Plaintiff disclosed no such evidence. Plaintiff did not timely oppose Defendant's motion in limine seeking to preclude new undisclosed evidence. For these reasons, Plaintiff's alleged new computation of damages, whatever it is (he has not disclosed it), must be excluded.

WHEREFORE, Defendant respectfully requests that this Honorable Court enter an Order granting Defendant's Motion in Limine to Preclude Offering of Documents, Information or Witnesses at Trial That Were Not Previously Produced or Disclosed by Plaintiffs.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: July 16, 2023 | */s/ Thomas V. Ayala* <br> Thomas V. Ayala (PA I.D. No. 93130) <br> Monica Matias Quinones (PA I.D. No. 330684) <br> KLEHR HARRISON HARVEY BRANZBURG LLP <br> 1835 Market Street, Suite 1400 <br> Philadelphia, PA  19103 <br> Phone: (215) 569-4596; 2498 <br> Facsimile: (215) 568-6603 <br> tayala@klehr.com <br> mmatias@klehr.com <br><br> *Attorneys for Defendant-Counterclaimant,* <br> *Carl Erik Rinsch* |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on July 17, 2023, a true and correct copy of the foregoing Motion in Limine to Preclude Offering of Documents, Information Or Witnesses at Trial That Were Not Previously Produced Or Disclosed was served on all counsel of record via the Court's ECF system.

                                                  /s/ *Thomas V. Ayala*
                                                  Thomas V. Ayala