IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY D. CALDERWOOD | : | CIVIL ACTION |
| | : | |
| v. | : | No. 22-2847 |
| | : | |
| CARL ERIK RINSCH | : | |

**MEMORANDUM**

**Chief Judge Juan R. Sánchez**                                                        **January 16, 2024**

      Defendant Carl Erik Rinsch brings this post-trial motion pursuant to Federal Rules of Civil Procedure 52 and 60(a), asking the Court to treat the jury verdict as advisory and enter findings of fact and conclusions of law in his favor. He also asks the Court to vacate the judgment in favor of Plaintiff Gary D. Calderwood on Count III—a promissory estoppel claim. Because the jury verdict was not advisory, Rinsch's motion for findings of fact and conclusions of law in his favor is denied. But because promissory estoppel is inappropriate in these circumstances, the Court will vacate the judgment in favor of Calderwood on Count III, and instead enter judgment in favor of Rinsch on that Count.

**BACKGROUND**

      On June 17, 2022, Calderwood brought breach of contract and promissory estoppel claims against Rinsch, claiming Rinsch breached a contract to buy several pieces of furniture from Calderwood's art gallery. Compl. ¶¶ 52-68, ECF No. 1-1. The case was tried to a jury, which found in favor of Calderwood on August 8, 2023. ECF No. 51. This Court then molded the jury's verdict and "enter[ed] judgment consistent with the jury's 'clearly manifested' intent to make Plaintiff Gary D. Calderwood whole." ECF No. 54. In molding the verdict, the Court determined the jury found Rinsch breached a contract created on January 31, 2022, for the sale of 14 pieces of furniture in exchange for $268,200. *Id*. Judgment was entered in favor of Calderwood on his breach of

1

contract and promissory estoppel claims, and because Rinsch had already paid him $200,000, Calderwood was awarded $68,200 in actual damages. ECF No. 55.

Rinsch then filed this post-trial motion requesting the Court to enter findings of fact and conclusions of law in his favor, and either order Calderwood to return Rinsch's $200,000 deposit, or—if the Court rejects Rinsch's statute of frauds defense—declare Rinsch's ownership of the furniture and order Calderwood to deliver it upon receipt of the $68,200 balance. Mot. Findings and Conclusions 1, ECF No. 62. He also asks the Court to set aside the judgment entered on August 11, 2023, because it is incorrect. *Id*. at 8. Rinsch seeks this post-trial relief pursuant to Federal Rules of Civil Procedure 52 and 60(a).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 52 governs actions "tried on the facts without a jury or with an advisory jury." Fed. R. Civ. P. 52(a)(1); *see also UGI Sunbury LLC v. A Permanent Easement for 1.7575 Acres*, 949 F.3d 825, 832 (3d Cir. 2020). In such an action, "the court must find the facts specially and state its conclusions of law separately." *Id.* Further, "[o]n a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly." Fed. R. Civ. P. 52(b). A motion for amended or additional findings "may accompany a motion for a new trial under Rule 59." *Id.*

Federal Rule of Civil Procedure 60(a) allows a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." However, "after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave." Fed. R. Civ. P. 60(a).

**DISCUSSION**

Rinsch argues relief under Rule 52 is appropriate because the jury was advisory and its advisory verdict was incorrect as Calderwood's claims are barred by Pennsylvania's statute of frauds. Rinsch argues the jury was advisory because all of Calderwood's claims are equitable. Mot. Findings and Conclusions 1-3. Under Federal Rule of Civil Procedure 39(a), where, as here, a jury demand has been made, "trial on all issues so demanded must be by jury unless . . . the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." The Seventh Amendment provides plaintiffs with the right to a jury trial only when the relief sought is legal rather than equitable. *See Chauffeurs, Teamsters & Helpers, Loc. No. 391 v. Terry*, 494 U.S. 558, 564-65 (1990). Legal relief includes "[a] claim for money due and owing under a contract," which "is quintessentially an action at law." *Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002) (quoting *Wal-Mart Stores, Inc. Assocs.' Health & Welfare Plan v. Wells*, 213 F.3d 398, 401 (7th Cir. 2000)).

Here, the theory of Calderwood's case is Rinsch wrongfully failed to pay him the amount to which he was entitled under the parties' contract. Compl. ¶¶ 55, 58. Calderwood's claims for money due and owing under the contract are thus "quintessentially . . . action[s] at law." *Great-W. Life*, 534 U.S. at 210. Rinsch argues this Court previously agreed the claims were equitable, selectively quoting hypothetical statements made by this Court during the final pretrial conference. Mot. Findings and Conclusions 2. But the Court has repeatedly emphasized Calderwood is entitled to a jury on his breach of contract claim. As explained during the same final pretrial conference:

> Yes, but on the issue of whether there is a contract or not, that's a jury question, isn't it? I mean, I want to sit with a jury. The issue of a remedy of specific performance, I agree with you. Performance is a remedy for the Court, not the jury. But the jury can opine factually, make a factual determination as to whether or not there is a contract.

3

Tr. 7/17/2023 30:10-16, ECF No. 46. The jury was not advisory as to Calderwood's breach of contract claim. As a result, Rinsch is not entitled to relief under Rule 52, which applies "[i]n an action tried on the facts without a jury or with an advisory jury."

Although the Court cannot grant relief under Rule 52, the Court agrees the verdict is flawed. Rinsch claims his $200,000 deposit should be returned because the verdict "plainly contravenes" Pennsylvania's statute of frauds. Mot. Findings and Conclusions 3. A contract for the sale of goods over $500 is subject to the statute of frauds. 13 Pa. Cons. Stat. § 2201(a). The statute of frauds requires "some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought." *Id*. This requirement is subject to exceptions. An agreement which does not satisfy the statute can still be enforceable "with respect to goods for which payment has been made and accepted or which have been received and accepted." *Id*. § 2201(c)(3). Under Pennsylvania law, an entire contract may be enforceable upon receipt of only a partial payment of the contract price. *W.I. Snyder Corp. v. Caracciolo*, 541 A.2d 775, 779 (Pa. Super. Ct. 1988). Parties may thus "establish the existence of a deal by providing the court with evidence of a down payment" because partial payment is "a sufficiently reliable indicator that a contract does in fact exist." *Id*. But this exception only applies to past contracts of sale—a partial payment cannot validate a future contract which did not exist at the time of the payment. *See, e.g.*, *Artman v. Int'l Harvester Co.*, 355 F. Supp. 482, 486 (W.D. Pa. 1973) (explaining the partial performance exception "can operate only to validate a *past contract of sale*").

Rinsch contends Calderwood's contract claim is conclusively defeated because there is "no evidence in the record of any signed writing by Mr. Rinsch" agreeing to the contract created on January 31, 2022. Mot. Findings and Conclusions 4. He further argues the partial payment

4

exception cannot apply because he paid the deposit before the contract was formed on January 31, 2022. *Id*. The record supports Rinsch's position. Indeed, Calderwood testified he never received a signed writing from Rinsch agreeing to the terms of the product listing dated January 31, 2022.[1] Tr. 8/7/2023 110:23-111:2, ECF No. 57. Meanwhile, the product listing itself contains no message or signature from Rinsch, and there is no other document in the record in which Rinsch indicated his agreement to the January 31, 2022 listing. *See* Ex. JX-014, ECF No. 56-11.

Because there is no writing sufficient to satisfy the statute of frauds for the January 31, 2022 agreement, an exception to the statute of frauds must apply. But the partial payment exception is inapplicable because Rinsch paid his deposit in October and November 2021—months before the alleged January 31, 2022 contract. *See* Ex. JX-007, ECF No. 56-6; Ex. JX-010, ECF No. 56-7. And Calderwood's attempt to invoke this Court's previous analysis of the statute of frauds issue is unavailing. It is true the Court rejected Rinsch's statute of frauds argument at the motion to dismiss stage, but only because the Court found the exception could plausibly apply as the Complaint alleged a contract was formed on November 9, 2021—i.e., before Rinsch made his second $100,000 deposit. *See Calderwood v. Rinsch*, Civ. No. 22-2847, 2022 WL 17251755, at *3-4 (E.D. Pa. Nov. 28, 2022). The jury has since found the operative contract was formed on January 31, 2022. The Court's prior ruling that the Complaint stated a plausible breach of contract claim at the motion to dismiss stage thus has no bearing here.

Although Rinsch's disagreement with the jury verdict appears to be substantively correct, he incorrectly bases his motion solely on Rule 52 and his belief that the jury was advisory. Because the jury was not advisory, however, Rule 52 does not apply. To obtain relief, Rinsch needed to

---

[1] The jurors found the operative contract breached by Rinsch was the product listing dated January 31, 2022, as the Court explained when it molded the verdict. ECF No. 54.

request a new trial under Federal Rule of Civil Procedure 59. But Rinsch does not invoke Rule 59 or request a new trial anywhere in his post-trial motion. Nor can this Court grant a new trial sua sponte. "A trial court is empowered to order a new trial on its own initiative 'for any reason that would justify granting one on a party's motion.'" *Pryer v. C.O. 3 Slavic*, 251 F.3d 448, 453 (3d Cir. 2001) (citing Fed. R. Civ. P. 59(d)). But the Court can only do so "[n]o later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(d). Rinsch filed his post-trial motion exactly 28 days after the entry of judgment, leaving the Court with no time to properly grant a new trial on its own initiative. *See Lesende v. Borrero*, 752 F.3d 324, 334 (3d Cir. 2014) ("Because the District Court failed to enter its memorandum opinion within twenty-eight days of the entry of judgment, it lacked jurisdiction under the first sentence of Rule 59(d) to consider the propriety of a new trial on liability on its own accord.").

The jury found a contract that did not exist. If the breach of contract claim had been an equitable one, this Court would rule in favor of Rinsch. But because the claim was legal, Calderwood was entitled to a jury on it, and the Court cannot order a new trial sua sponte without exceeding its jurisdiction. Accordingly, Rinsch's motion under Rule 52 and request to order his deposit be returned are denied.

In the alternative, Rinsch asks the Court to issue an order confirming Rinsch's ownership of the furniture and requiring Calderwood to deliver it upon receipt of the $68,200 balance. Mot. Findings and Conclusions 7. In molding the verdict, the Court found the jury intended "to make Calderwood whole by ordering Rinsch to pay him an additional $68,200, and to grant Rinsch ownership of the furniture." ECF No. 54. Rinsch has provided no documentation confirming

Calderwood has received the $68,200 in damages. Once Calderwood receives that amount, Rinsch should be granted ownership of the furniture in accordance with the jury verdict.[2]

Finally, Rinsch argues the judgment entered on August 11, 2023 "incorrectly reflects a judgment of Calderwood on Counts II *and* III." Mot. Findings and Conclusions 8. He notes the Court directed the Clerk to enter judgment in favor of Calderwood on Count II only, but judgment was entered in favor of Calderwood on Counts II and III. *See* Order of 8/11/2023, ECF No. 54; Order of 8/11/2023, ECF No. 55. Rinsch emphasizes Count III—a promissory estoppel claim— "is not cognizable" due to the statute of frauds problem and asks the court to vacate the judgment in favor of Calderwood on Count III pursuant to Rule 60(a). Mot. Findings and Conclusions 8.

Rule 60(a) "is limited to the correction of clerical mistakes; it encompasses only errors mechanical in nature, apparent on the record, and not involving an error of substantive judgment." *Pfizer Inc. v. Uprichard*, 422 F.3d 124, 129-30 (3d Cir. 2005) (internal quotations and citations omitted). Entering judgment in favor of Calderwood on Count III was a clerical error. The Court Order only ordered judgment be entered in favor of Calderwood on Count II—not Count III. *See* ECF No. 54. This clerical error is further evidenced by the inherent nature of a promissory estoppel claim. "Courts have held that breach of contract and promissory estoppel may be pleaded in the alternative, but that if the court finds that a contract exists, the promissory estoppel claim must fall." *See Iversen Baking Co. v. Weston Foods, Ltd.*, 874 F. Supp. 96, 102 (E.D. Pa. 1995) (internal citations omitted). Entering judgment in favor of Calderwood on Count II—a breach of contract claim—necessarily means a contract exists, so the Court could not have also entered judgment in favor of Calderwood on Count III, a promissory estoppel claim. Accordingly, the Court will vacate

---

[2] Rinsch asked the Court to order a simultaneous exchange of the furniture and the $68,200 balance. The Court believes this approach would be preferable but leaves the exact logistics up to the parties in accordance with this Memorandum.

the August 11, 2023 judgment in favor of Calderwood as to Count III, and instead enter judgment in favor of Rinsch on Count III.

An appropriate Order follows.

BY THE COURT:

 /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.